UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY M. RIVARD, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>ANTHONY J. SINENI, III, et al., )<br>)<br>    *Defendants* ) | No. 2:21-cv-00130-GZS |

### *ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE*

Plaintiff Jeffrey M. Rivard, who seeks leave to proceed *in forma pauperis*, *see* Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 4), sues his former public defender, prosecutors, a Maine District Court judge, and the State of Maine in connection with his prosecution on misdemeanor charges, seeking to vacate at least two convictions "for legal impropriety" and obtain compensation for unspecified financial losses flowing therefrom, *see generally* [Complaint] (ECF No. 1). For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction and deem moot the plaintiff's Request for Hearing re: Discovery Dispute Pursuant to Local Rule 26(b) ("Discovery Hearing Request") (ECF No. 5).

    **I. Application to Proceed *in Forma Pauperis***

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that he has received 45 cents from a business, profession, or other self-employment and $900 in disability or workers'

1

compensation payments in the past 12 months, has $20 in cash or a checking or savings account, has possessions probably equal to "the value of used stuff to fill an apartment from a thrift salvage store[,]" and has about $1,300 in regular monthly expenses, although the amount varies and he usually is "owing or catching up[.]" IFP Appl.[1] These financial circumstances entitle him to proceed *in forma pauperis*.

## II.  Section 1915(e)(2)(B) Review

### A.  Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[2]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable

---

[1] The plaintiff also lists debts owed on a credit card of approximately $40 per month, a student loan of $3,000, and what appears to be a car debt or payment (his handwriting can be difficult to decipher) of $400.
[2] Section 1915(d) was subsequently renumbered to section 1915(e).

inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

The plaintiff sues attorney Anthony J. Sineni, III, the "Biddeford Prosecution[,]" Maine District Court Judge Andre Janelle, and the State of Maine, alleging in legible and material part that "[t]he Biddeford Prosecution and Maine District Court accepted pleadings to misdemeanors I may not be guilty of provided by public defender Anthony J. Sineni III." Complaint at Page ID ## 17-19, 21. He indicates, insofar as I can decipher his handwriting, that he lost his job in 2006

3

as a result of his conviction on one count of theft. *See id*. at Page ID # 21. He describes the relief requested as follows:

> I believe the convictions to at least 2 of these cases should be vacated for legal impropriety. I could not accurately measure financial losses but I was devastated in 2006 and had to call my friend after 6 hours when I left early from 8 hours.

*Id*.

He states that the basis for this court's jurisdiction over his claim is the presentation of a federal question, invoking the Speedy Trial Act of 1974. *See id*. at Page ID ## 19, 20.

### C. Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).

The plaintiff seeks to overturn, and receive monetary compensation for, his assertedly wrongful state court convictions on misdemeanor charges. Yet, this court has no jurisdiction to review the final judgments and decisions of state courts. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state court judgments rendered before the [federal] district court proceedings commenced.'") (citation omitted); *Klimowicz v. Deutsche Bank Nat'l Tr. Co*., 907 F.3d 61, 66 (1st Cir. 2018) (in applying *Rooker-Feldman* doctrine, "the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment").[3]

---

[3] The plaintiff's invocation of the Speedy Trial Act of 1974 does not preserve his claim. "The Speedy Trial Act sets guardrails on federal courts' powers to delay criminal trials[,]" providing that, with certain exceptions during which the running of the Speedy Trial Act clock is stopped, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

4

Because the plaintiff's federal suit plainly "is, in effect, an end-run around a final state-court judgment," *Klimowicz*, 907 F.3d at 66, this court has no jurisdiction to proceed.

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis*, recommend that the court **DISMISS** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction to entertain it, and **DEEM** his Discovery Hearing Request **MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

officer of the court in which such charge is pending, whichever date last occurs." *United States v. Akhavan*, 20-cr-188 (JSR), 2021 WL 797806, at *2 (S.D.N.Y. Mar. 1, 2021) (quoting 18 U.S.C. § 3161(c)(1)). The plaintiff alleges that he was prosecuted in state, not federal, court and that he pleaded guilty to the charges at issue, *see* Complaint at Page ID # 21, obviating the need for trial.